IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LASERDYNAMICS, LLC,
a Limited Liability Company,

        Plaintiff,

v.

BOSS AUDIO SYSTEMS,
PYLE AUDIO, INC., and
GPX, INC.,

        Defendants.

Case No. 15 CV 1773

**COMPLAINT FOR PATENT INFRINGEMENT**

JUDGE FAILLA

**DEMAND FOR JURY TRIAL**



RECEIVED MAR 10 2015 U.S.D.C. S.D.N.Y.

## PLAINTIFF LASERDYNAMICS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff LaserDynamics, LLC ("LaserDynamics" or "Plaintiff") by and for its Complaint against defendants Boss Audio Systems, Pyle Audio, Inc., and GPX, Inc. (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States. LaserDynamics holds the rights in U.S. Patent No. 5,587,981 ("the '981 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '981 Patent is entitled to a presumption of validity. LaserDynamics is suing Defendants for infringing its patent, and doing

so willfully. LaserDynamics seeks to recover damages from Defendants, including treble damages for willful infringement.

2. The '981 patent generally relates to methods for discriminating between different types of optical discs (e.g., a compact disc ("CD") versus a digital video disc ("DVD")) inserted into an optical disc drive. The '981 patent has been licensed extensively to many well-known electronics and optical disc drive manufacturers.

## THE PARTIES

3. LaserDynamics is a limited liability company, organized and existing under the laws of the State of Delaware, having a place of business at 75 Montebello Road, Suffern, New York 10901-3740.

4. Upon information and belief, Defendant Boss Audio Systems ("Boss Audio") is a California corporation with its principal place of business at 3451 Lunar Court, Oxnard, California 93030.

5. Upon information and belief, Defendant Pyle Audio, Inc. ("Pyle") is a New York corporation with its principal place of business at 1600 63rd Street, Brooklyn, New York 11204.

6. Upon information and belief, Defendant GPX, Inc. ("GPX") is a corporation, organized and existing under the laws of the State of Missouri with its principal place of business at 900 N. 23rd Street, St. Louis, Missouri 63106. Upon information and belief, GPX is a brand of DPI, Inc. DPI, Inc. can be served via its registered agent Paul Green at 900 N. 23rd Street, St. Louis, MO 63106.

## JURISDICTION

7. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Personal jurisdiction is also proper in this Court and this judicial district under N.Y. Civ. Pract. L. R. § 302 because, upon information and belief, Defendants, among other things, conduct business in, and avail themselves of the laws of, the State of New York. In addition, upon information and belief, Defendants through their own acts and/or through the acts of their affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

9. More specifically, personal jurisdiction is proper in this judicial district because, upon information and belief, Defendants directly or through their subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market and, at all relevant time have made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Southern District of New York, through their www.bossaudio.com, www.pyleaudio.com, and www.gpx.com websites as well as other websites, including, but not limited to www.amazon.com, www.newegg.com, www.overstock.com, and/or www.walmart.com thereby infringing the '981 patent.

## VENUE

10. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 5,587,981 BY BOSS AUDIO

11. LaserDynamics incorporates by reference the allegations set forth in the preceding paragraphs.

12. On December 24, 1996, the '981 patent, entitled "Multi-standard Optical Disk Reading Method Having Distinction Process," was duly and lawfully issued based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '981 Patent is attached hereto as Exhibit 1.

13. On December 15, 2009, the United States Patent and Trademark Office ("USPTO") issued a Reexamination Certificate for the '981 patent. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit 2.

14. LaserDynamics is the assignee and the owner of all right, title and interest in and to the '981 patent, and has the right to sue and recover damages for infringement thereof.

15. Upon information and belief, Boss Audio has been and is now directly infringing one or more claims of the '981 patent by making, using, importing, providing, supplying, distributing, selling, and offering to sell infringing products and systems, and is thus liable to LaserDynamics pursuant to 35 U.S.C. §271. Boss Audio's infringing products and systems include, but are not limited to, standalone, portable and combination CD/DVD/Blue-Ray players (e.g. the Boss Audio BV7320 In Dash DVD/CD/MP3 System) ("Boss Audio Accused Products") and the use thereof. Boss Audio is therefore liable for direct infringement of the '981 patent pursuant to 35 U.S.C. §271(a).

COMPLAINT FOR PATENT INFRINGEMENT

16. Upon information and belief, Boss Audio also indirectly infringes under 35 U.S.C. §271(b) by way of inducing others, including its customers, to make, use, import, provide, supply, distribute, sell and offer to sell products and systems that infringe one or more claims of the '981 patent in the United States generally, and in the Southern District of New York in particular. More specifically, upon information and belief, Boss Audio has knowledge of the '981 patent, intends to induce its customers to infringe the patent through its sales, offers for sale, and instructions and specifications provided to those customers, for example, by promoting its Accused Products online (e.g., www.bossaudio.com), and understands that such actions amount to infringement. Also, on information and belief, Boss Audio, knew or should have known of its infringement of the '981 patent from the widespread licensing campaign in the United States by Plaintiff and Plaintiff's predecessor company, LaserDynamics, Inc., which has resulted in over 25 licenses to the '981 patent.

17. Upon information and belief, Boss Audio has also indirectly infringed and is now indirectly infringing under 35 U.S.C. §271(c) by way of contributing to the infringement of others, including its customers, by making, using, importing, providing, supplying, distributing, selling, and offering to sell at least the Boss Audio Accused Products and systems that infringe one or more claims of the '981 patent in the United States generally, and in the Southern District of New York in particular.

18. Boss Audio's past and continued indirect infringement by inducement is without good-faith belief of non-infringement or invalidity based on the Federal Circuit's affirmance of the '981 patent's infringement by similar products in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012).

19.     Boss Audio's infringement of the '981 patent is without consent of, authority of, or license from LaserDynamics.

20.     Upon information and belief, Boss Audio's infringement of the '981 patent has been and is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling LaserDynamics to its attorneys' fees and expenses.

21.     As a result of Boss Audio's acts of infringement, LaserDynamics has suffered and will continue to suffer damages in an amount to be proven at trial.

### INFRINGEMENT OF U.S. PATENT NO. 5,587,981 BY PYLE

22.     LaserDynamics incorporates by reference the allegations set forth in the preceding paragraphs.

23.     On December 24, 1996, the '981 patent, entitled "Multi-standard Optical Disk Reading Method Having Distinction Process," was duly and lawfully issued based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '981 Patent is attached hereto as Exhibit 1.

24.     On December 15, 2009, the United States Patent and Trademark Office ("USPTO") issued a Reexamination Certificate for the '981 patent. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit 2.

25.     LaserDynamics is the assignee and the owner of all right, title and interest in and to the '981 patent, and has the right to sue and recover damages for infringement thereof.

26.     Upon information and belief, Pyle has been and is now directly infringing one or more claims of the '981 patent by making, using, importing, providing, supplying, distributing, selling, and offering to sell infringing products and systems, and is thus liable to LaserDynamics pursuant to 35 U.S.C. §271. Pyle's infringing products and systems include, but are not limited to, standalone, portable and combination CD/DVD/Blue-Ray players (e.g. the PLTS73FX 7 inch

Single DIN In Dash Motorized Touch Screen) ("Pyle Accused Products") and the use thereof. Pyle is therefore liable for direct infringement of the '981 patent pursuant to 35 U.S.C. §271(a).

27. Upon information and belief, Pyle also indirectly infringes under 35 U.S.C. §271(b) by way of inducing others, including its customers, to make, use, import, provide, supply, distribute, sell and offer to sell products and systems that infringe one or more claims of the '981 patent in the United States generally, and in the Southern District of New York in particular. More specifically, upon information and belief, Pyle has knowledge of the '981 patent, intends to induce its customers to infringe the patent through its sales, offers for sale, and instructions and specifications provided to those customers, for example, by promoting its Accused Products online (e.g., www.pyleaudio.com), and understands that such actions amount to infringement. Also, on information and belief, Pyle, knew or should have known of its infringement of the '981 patent from the widespread licensing campaign in the United States by Plaintiff and Plaintiff's predecessor company, LaserDynamics, Inc., which has resulted in over 25 licenses to the '981 patent.

28. Upon information and belief, Pyle has also indirectly infringed and is now indirectly infringing under 35 U.S.C. §271(c) by way of contributing to the infringement of others, including its customers, by making, using, importing, providing, supplying, distributing, selling, and offering to sell at least the Pyle Accused Products and systems that infringe one or more claims of the '981 patent in the United States generally, and in the Southern District of New York in particular.

29. Pyle's past and continued indirect infringement by inducement is without good-faith belief of non-infringement or invalidity based on the Federal Circuit's affirmance of the

'981 patent's infringement by similar products in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012).

30. Pyle's infringement of the '981 patent is without consent of, authority of, or license from LaserDynamics.

31. Upon information and belief, Pyle's infringement of the '981 patent has been and is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling LaserDynamics to its attorneys' fees and expenses.

32. As a result of Pyle's acts of infringement, LaserDynamics has suffered and will continue to suffer damages in an amount to be proven at trial.

## INFRINGEMENT OF U.S. PATENT NO. 5,587,981 BY GPX

33. LaserDynamics incorporates by reference the allegations set forth in the preceding paragraphs.

34. On December 24, 1996, the '981 patent, entitled "Multi-standard Optical Disk Reading Method Having Distinction Process," was duly and lawfully issued based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '981 Patent is attached hereto as Exhibit 1.

35. On December 15, 2009, the United States Patent and Trademark Office ("USPTO") issued a Reexamination Certificate for the '981 patent. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit 2.

36. LaserDynamics is the assignee and the owner of all right, title and interest in and to the '981 patent, and has the right to sue and recover damages for infringement thereof.

37. Upon information and belief, GPX has been and is now directly infringing one or more claims of the '981 patent by making, using, importing, providing, supplying, distributing, selling, and offering to sell infringing products and systems, and is thus liable to LaserDynamics

pursuant to 35 U.S.C. §271. GPX's infringing products and systems include, but are not limited to, standalone, portable and combination CD/DVD/Blue-Ray players (e.g. the GPX BD702B Karaoke System with CD/DVD Player and 7 Inch Screen) ("GPX Accused Products") and the use thereof. GPX is therefore liable for direct infringement of the '981 patent pursuant to 35 U.S.C. §271(a).

38. Upon information and belief, GPX also indirectly infringes under 35 U.S.C. §271(b) by way of inducing others, including its customers, to make, use, import, provide, supply, distribute, sell and offer to sell products and systems that infringe one or more claims of the '981 patent in the United States generally, and in the Southern District of New York in particular. More specifically, upon information and belief, GPX has knowledge of the '981 patent, intends to induce its customers to infringe the patent through its sales, offers for sale, and instructions and specifications provided to those customers, for example, by promoting its Accused Products online (e.g., gpx.com), and understands that such actions amount to infringement. Also, on information and belief, GPX, knew or should have known of its infringement of the '981 patent from the widespread licensing campaign in the United States by Plaintiff and Plaintiff's predecessor company, LaserDynamics, Inc., which has resulted in over 25 licenses to the '981 patent.

39. Upon information and belief, GPX has also indirectly infringed and is now indirectly infringing under 35 U.S.C. §271(c) by way of contributing to the infringement of others, including its customers, by making, using, importing, providing, supplying, distributing, selling, and offering to sell at least the GPX Accused Products and systems that infringe one or more claims of the '981 patent in the United States generally, and in the Southern District of New York in particular.

40. GPX's past and continued indirect infringement by inducement is without good-faith belief of non-infringement or invalidity based on the Federal Circuit's affirmance of the '981 patent's infringement by similar products in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012).

41. GPX's infringement of the '981 patent is without consent of, authority of, or license from LaserDynamics.

42. Upon information and belief, GPX's infringement of the '981 patent has been and is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling LaserDynamics to its attorneys' fees and expenses.

43. As a result of GPX's acts of infringement, LaserDynamics has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, LaserDynamics requests this Court enter judgment as follows:

A. That the '981 patent is valid and enforceable;

B. That Defendants have directly and indirectly infringed claim 3 of the '981 patent;

C. That such infringement has been willful;

D. That Defendants account for and pay to LaserDynamics all damages pursuant to 35 U.S.C. § 284 to adequately compensate LaserDynamics for Defendants' infringement of the '981 patent, but in no event less than a reasonable royalty for the use made by Defendant's of the invention set forth in the '981 patent;

E. That LaserDynamics receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F.   That this is an exceptional case under 35 U.S.C. § 285;

G.   That Defendants pay LaserDynamics all of LaserDynamics' reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H.   That LaserDynamics be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendants' infringement of the '981 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I.   That costs be awarded in accordance with 35 U.S.C. § 284 to LaserDynamics; and

J.   That LaserDynamics be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

LaserDynamics hereby demands a trial by jury on all issues so triable in this action.

Dated: March 10, 2015

KROUB, SILBERSHER & KOLMYKOV PLLC

By: /s/ Gaston Kroub
Gaston Kroub (GK6970)
gkroub@kskiplaw.com
Sergey Kolmykov (SK7790)
skolmykov@kskiplaw.com
Zachary Silbersher (ZS4391)
zsilbersher@kskiplaw.com

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442

ATTORNEYS FOR PLAINTIFF LASERDYNAMICS, LLC.